IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES W. ALLEN,            )  | |
|                              )  | |
|      Plaintiff,              )  | |
|                              )  | |
| v.                           )  | CIVIL ACTION NO. 2:03-CV-01281-F |
|                              )  | WO |
| JO ANNE B. BARNHART,         )  | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|                              )  | |
|      Defendant.              )  | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to the continuing referral of this case for recommendations, the Magistrate Judge has analyzed the fully submitted *Petition For Authorization Of Attorney Fees* pursuant to 42 U.S.C. §406(b) (Doc. 22, June 2, 2005) and recommends, as herein explained, that the District Judge enter forthwith an ORDER granting the unopposed *Motion*.

### I.  BACKGROUND

Plaintiff Charles W. Allen ("Allen") retained Byron A. Lassiter, Esq. ("Petitioner") for legal representation on his complaint filed December 31, 2003, for judicial review of administratively denied claims for disability insurance and supplemental security income benefits. They contracted for "an attorney's fee equal to 25% of any accumulated past-due benefits paid to him in the event of the successful prosecution of his claim."[1]  Adopting the *Recommendation of the Magistrate Judge*, this Court entered Final Judgment on July 14, 2004, remanding ths case to the Commissioner of

---

[1]*Petition* at 1.

Social Security for further proceedings pursuant to *sentence four* of 42 U.S.C. §405(g). (Docs. 16 and 17).

On remand, the Appeals Council issued a favorable decision resulting in notice from the Social Security Administration (SSA) on January 8, 2005, finding Allen entitled to monthly disability benefits and approving, as follows, his attorney's fee agreement:

> Your past-due benefits are $25,520.00 for June 2000 through November 2004. Under the fee agreement, the lawyer cannot charge you more than $6,380.00 for his or her work. . . Because of the law, we usually withhold 25 percent of the total past-due benefits or the maximum payable under the fee agreement to pay an approved lawyer's fee. We withheld $6,380.00 from the past due benefits to pay the lawyer.[2]

Pursuant to the Petitioner's September 14, 2004, Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), this Court ordered the Commissioner to pay the amount of $1,462.50 in EAJA fees pursuant to 42 U.S.C. § 2412.[3] Representing the Commissioner's payment on May 9, 2005, Petitioner now "requests that the court include in its order a provision authorizing and requiring that counsel for Plaintiff pay to Mr. Allen the sum of $1,462.50, which amount is currently held in trust." The fees now requested total $1,080.00 for 11.7 hours rendered on behalf of Allen in this court between November 10, 2003, and September 10, 2004.[4] The Commissioner does not oppose the requested fees.[5]

---

[2]*Petition*, *Ex. B* at 2. A second notice from the SSA on April 2, 2005, authorized $5,300.00 for attorney's fees rendered at the administrative levels.( *Ex*. C)

[3]Doc. 21, Oct. 5, 2004.

[4]*Petition* at 3, 6; the requested fees are itemized on *Ex*. A.

[5]"Because Plaintiff's counsel has already received attorney fees payable under the EAJA, Defendant respectfully requests that if the Court awards attorney fees under section 406(b), it order counsel to refund the smaller fee to Plaintiff, which he has agreed to do. The Commissioner believes that Plaintiff's counsel's request for attorney fees in the amount of $1,080.00 under section 406(b) (continued...)

## II. DISCUSSION

Added to the $5,300.00 awarded pursuant to 42 U.S.C. §406(a) for legal services rendered administratively, the $1,080.00 award requested under 42 U.S.C. §406(b) would give Petitioner a total fee which is equivalent to the amount withheld as 25% of Allen's $25,520.00 award for past due benefits. Section 406(b) authorizes a reasonable fee "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled ....and such fees are payable "out of, and not in addition to, the amount of [the] past due benefits."[6]

Contingent fee agreements are common in federal actions under the Social Security Act, and Section 406(b) limits, but does not displace, such agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Instead, the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." So long as the contingent fee does not exceed 25% of the past-due benefits, "the attorney for the successful claimant must [simply] show that the fee sought is reasonable for the services rendered." *Id.* at 807. Fees awarded pursuant to Section 406(a) and Section 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified."*Id.* at 796. In order to avoid a double recovery of attorney's fees, a claimant's counsel who is awarded attorney's fees under §406(b) and the EAJA must refund the

---

[5](...continued)
is reasonable and suggests that an award of fees in that amount would be appropriate." *Defendant's Response* at 2 (Doc. 24, June 16, 2005)

[6]42 U.S.C. §406(b). Section 406(a) of Title 42 provides for "fees for representation before Commissioner" while Section 406(b) addresses "fees for representation before court."

3

lesser amount to his client. *Coppett v. Barnhart,* 242 F.Supp. 2d 1380, (S.D.Ga. 2002) *(citation omitted)*.

The Court finds reasonable the total requested hours (11.70) for the services rendered as well as the $1,080.00 fee which reflects an hourly rate of $92.30 for legal services in connection with preparing the complaint, client communications, review of pleadings prior and subsequent to the Commissioner's motion to remand, and preparation of pleadings in response, including the application for EAJA fees. As already noted, the total of this fee for federal court representation and the fee for administrative representation does not exceed allowable fees pursuant to Petitioner's contingency fee contract with Allen.

There is no evidence that Petitioner, who advocates for social security claimants regularly in this Court, delayed the proceedings in this case or otherwise acted in bad faith or in a dilatory manner. His representation of Allen spanned almost five years for administrative and judicial proceedings, and his timely and competent representation resulted in a fully favorable decision which awarded substantial monthly and retroactive benefits. The Commissioner's motion for remand reflected Petitioner's persuasive advocacy in demonstrating the error of the Administrative Law Judge's application of the requirements for presumptive disability at § 4.04 of the Listings as well as his treatment of the vocational expert's testimony and Allen's testimony regarding functional limitations imposed by his pain and obesity.

The contingency fee contract served to benefit Allen by transferring the risk of loss to his counsel while providing him an opportunity to challenge the administrative denial of his claims. By depositing in trust his award of EAJA fees, Petitioner acknowledges his duty to prevent any double recovery of fees from the government and from his client. In sum, the Court finds the requested fees

entirely reasonable under the facts of this case and also consistent with the claimant's expectation under his fee agreement that in the event of his success at the judicial level, Petitioner would receive a total fee for administrative and judicial services which would not exceed 25% of any award for past-due benefits.

### III.   CONCLUSION

**Accordingly, it is the *Recommendation of the Magistrate Judge* that the** *Petition For Authorization Of Attorney Fees* pursuant to 42 U.S.C. §406(b)  (Doc. 22, June 2, 2005) be granted by entry of an ORDER, JUDGMENT, and DECREE which –

(a) awards to the Petitioner, Byron A. Lassiter, Esq.,  attorney's fees pursuant to 42 U.S.C. §406(b) in his total, uncontested request of  $1,080.00**; and**

**(**b) orders the  Petitioner, Byron A. Lassiter, Esq. to refund forthwith  to the Plaintiff, Charles W. Allen,  the escrowed  amount of $ 1,462.50 previously paid to Petitioner as an award of fees under the Equal Access to Justice Act.

**Because Petitioner and the Commissioner concur absolutely on the recommended final disposition of this Petition,  the Magistrate Judge files this RECOMMENDATION without the 13-day order usually entered to facilitate the filing of  objections; thus, the Magistrate Judge recommends that the District Judge proceed forthwith to review and act on this Recommendation** consistent with the shared interests of the parties and the court for finality.

Done this 27th day of June, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE